## LEE v. MEMPHIS NATURAL GAS CO. et al.

### No. 6149.

Court of Appeal of Louisiana. Second Circuit.

June 10, 1940.

Rehearing Denied July 5, 1940.

Dhu Thompson, of Monroe, for appellant.

Theus, Grisham, Davis & Leigh, of Monroe, for appellee.

DREW, Judge.

This is a suit for compensation under the Employer's Liability Act of this State (Act No. 20 of 1914, as amended).

Plaintiff alleged that while he and other workmen were engaged in removing a railroad track which had been laid for temporary use by his employer, he slipped and fell on the track, seriously injuring his back and spine and has been unable to work since the said accident. He prayed for judgment for 65% of his weekly wage for a period not to exceed 400 weeks.

Defendants deny that plaintiff received any back injury while on this particular job; however, they gave him medical treatment and offered to pay him 4 weeks' compensation, which he would not accept. They then paid the medical bills and tendered the 4 weeks' compensation and deposited it in the Court.

The lower court rejected plaintiff's demands, except for the amount of $62.40, which was in the Court depository. From this judgment, plaintiff has appealed.

This Court has been most liberal in carrying out the spirit of the Compensation Law and has studied this record carefully to find whether any injustice has been done to plaintiff. We have not found that any has been done.

As in most compensation cases, only questions of fact are involved and the great preponderance of medical testimony is against plaintiff, and there is no lay testimony to support his contention. We know of no good reason that could be given for disturbing the judgment of the lower court. We would be forced to take the testimony of one doctor over that of six or seven other reputable physicians to find that plaintiff received any injury to his back in the fall which he received. Furthermore, plaintiff did not complain of any injury to his back until the next day although he visited the physician that night and complained of an injury to his toe received earlier in the day than the time of the fall of which he complains now.

While it is possible that plaintiff may have sprained his back slightly when he fell and not have known it until the next day, we think it certain that he could not have had the fracture or fractures claimed by his physician and not have known it. If plaintiff had not known it immediately after the fall, he certainly would have been aware of it during the time he was riding on a board in a vehicle for a distance of fifteen miles within one hour after having fallen, and that is what he did, without any discomfort.

There are several other legal defenses pleaded which are unnecessary to discuss.

We find no error in the judgment of the lower court and it is affirmed, with costs.